MILLETT, CIRCUIT JUDGE,
concurring in the denial of rehearing en banc.
In response to the District of Columbia’s petition for rehearing en banc, it bears emphasizing the procedural posture of this case and the shortcomings in the record. The District, as a summary-judgment mov-ant, elected both to face summary judgment, and to fend off Heller’s own cross-motion for summary judgment, on a record of the District’s own choosing. Given our prior remand order, moreover, the District had a full opportunity to develop a record and come forward with summary-judgment-qualifying evidence to substantiate the difficult policy judgments that it presses on rehearing, and to do so to the degree necessary to survive the intermediate scrutiny that our precedent requires, see Heller v. District of Columbia, 670 F.3d 1244, 1252-1253 (D.C.Cir.2011). As the majority opinion explains, with respect to those provisions that this court could not sustain, and especially with respect to the District’s testing of knowledge about local firearms laws, the District failed that task. 670 F.3d at 1250-51, 1258-59 & n. 4. In my view, given those omissions in the District’s summary judgment record, this ease simply does not present the broadside on regulatory authority to promote public safety that the en banc petition asserts.